# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS, | CV F 06-1360 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D. ADAMS, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is in the custody of the California Department of Corrections and Rehabilitation (CDCR) following a conviction for violation of California Penal Code[1] section 187 for first degree murder; section 211 for burglary; and, section 12022(a), an enhancement for use of a firearm during the commission of the crime.  Petitioner was later charged with a violation of section 4502 for possession of a weapon in prison. (Exhibits 1-3, attached to Answer.)

In the instant petition, Petitioner does not challenge his underlying conviction; rather, he challenges the Board of Prison Terms (BPT) 2005 decision denying him parole. (Exhibit 4, attached to Answer.)

---

[1] All further references are to the California Penal Code unless otherwise indicated.

1    On February 3, 2005, Petitioner attended a parole consideration hearing.  Petitioner was
2 found unsuitable for parole and a subsequent hearing was delayed for four years. (Exhibit 4, at
3 70.)
4    On June 15, 2005, Petitioner filed a petition for writ of habeas corpus in the Kings
5 County Superior Court challenging the Board's decision.  The Court denied the petition finding
6 that Petitioner's counsel was provided a copy of the psychological evaluation and that Petitioner
7 had failed to provide any support for his argument that the Board did not have "some evidence"
8 to support its finding. (Exhibit 5, attached to Answer.)
9    Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal,
10 Fifth Appellate District, which was denied, without prejudice, to re-filing in the Second
11 Appellate District. (Exhibit 6, attached to Answer.)
12    Petitioner filed a petition in the Second Appellate District, which was denied on October
13 4, 2005. (Exhibit 7, attached to Answer.)
14    Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court,
15 which was denied on August 16, 2006. (Exhibit 8, attached to Answer.)
16    Petitioner filed the instant federal petition for writ of habeas corpus on September 28,
17 2006.  Respondent filed an answer to the petition on January 16, 2007, and Petitioner filed a
18 traverse on February 12, 2007.
19 I.    Standard of Review
20    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
21 of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
22 enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries
23 v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th
24 Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy,
25 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).
26 The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its
27 provisions.
28    Petitioner is in custody of the California Department of Corrections pursuant to a state

1  court judgment. Even though Petitioner is not challenging the underlying state court conviction,
2  28 U.S.C. § 2254 remains the exclusive vehicle for her habeas petition because she meets the
3  threshold requirement of being in custody pursuant to a state court judgment. Sass v. California
4  Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370
5  F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a
6  state prisoner in custody pursuant to a state court judgment, even when the petition is not
7  challenging [her] underlying state court conviction.'").

8      The instant petition is reviewed under the provisions of the Antiterrorism and Effective
9  Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63,
10 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the
11 adjudication of the claim "resulted in a decision that was contrary to, or involved an
12 unreasonable application of, clearly established Federal law, as determined by the Supreme Court
13 of the United States" or "resulted in a decision that was based on an unreasonable determination
14 of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.
15 § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

16     As a threshold matter, this Court must "first decide what constitutes 'clearly established
17 Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
18 *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this
19 Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as
20 of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other
21 words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or
22 principles set forth by the Supreme Court at the time the state court renders its decision." Id.

23     Finally, this Court must consider whether the state court's decision was "contrary to, or
24 involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at
25 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may
26 grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]
27 Court on a question of law or if the state court decides a case differently than [the] Court has on a
28 set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S.

at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

The court looks to the last reasoned state court decision as to the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991)).  Where, as here, the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II.     Review of Claims

A parole release determination is not subject to all the due process protections of an adversary proceeding. Pedro v. Oregon Parole Board, 825 F.2d 1396, 1398-99 (9th Cir. 1987); see also Greenholtz, 442 U.S. at 12 (explaining that due process is flexible and calls for procedural protections that particular situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro, 825 F.2d at 1399; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987). At a state parole board proceeding, the only process to which an inmate is entitled is: 1) the inmate must receive

advance written notice of a hearing, Pedro, 825 F.2d at 1399; 2) the inmate must be afforded an "opportunity to be heard," Greenholtz, 442 U.S. at 16; 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

"In Superintendent v. Hill, the Supreme Court held that 'revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record.' 472 U.S. 445, 454 (1985), *quoting* Wolff v. McDonnell, 418 U.S. 539, 558 (1974)." Sass, 461 F.3d at 1128. In determining whether the "some evidence" standard is met, the Court need not examine the entire record, independently assess the credibility of witnesses, or re-weigh the evidence. Id. Rather, the Court must determine whether there is any evidence in the record that could support the conclusion of the disciplinary board. Id., *citing* Superintendent v. Hill, at 455-56. Although Hill involved the accumulation of good time credits, the same standard applies to parole, as both situations "directly affect the duration of the prison term." Id., *citing* Jancsek v. Oregon Bd. of Parole, 833 F.2d at 1390.

With regard to the procedural protections outlined in Greenholtz, as Respondent submits and Petitioner concedes, Petitioner was provided all that is required. Petitioner was provided with advance notice of the hearing, representation by counsel at the hearing, an opportunity to submit materials for the Board's consideration, an opportunity to be heard during the hearing, and a written decision explaining the reasons that parole was denied. See Exhibit 4.

At the 2005 parole hearing, the BPT relied on several factors in denying parole, including Petitioner's commitment offense, record of assaultive behavior, unstable relationships with others, history of prior criminality, minimal programming, lack of vocational training, failure to sufficiently participate in self-help programs, numerous disciplinary infractions while incarcerated, the psychiatric evaluation, inadequate parole plans, and the district attorney's opposition to parole. (Exhibit 4, at 64-71.) The state courts' determination of this issue was not

1   contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

2   Pursuant to 15 Cal.Code Regs. § 2402(c)(1)(D)[2], the BPT found the first degree murder
3   was carried out in an exceptionally cruel and callous manner. A review of the record
4   demonstrates this finding is supported by at least "some evidence." The victim was a young man
5   who was simply working behind the counter of a mini-mart store minding his own business and
6   was in a very vulnerable position. He complied with all of the robbers requests and did not
7   attempt to get away or fight with anyone. However, the victim was forced to lie on the ground on
8   his stomach and was shot three times, twice in the back and one in the back of the head at close
9   range. As to Petitioner's involvement, although he may not have been the actual individual who
10  shot the victim, he nonetheless took the gun to the crime scene and gave it to his crime partner
11  pulled the trigger. (Exhibit 4, at 62-63.) Petitioner's claim that there is no evidence that he
12  killed anyone in a callous manner, is simply unfounded.

13  With respect to the commitment offense, the BPT also found the motive for the killing
14  was "so trivial." See Exhibit 4, at 63. Petitioner did not even remember how much money he
15  obtained as a result of the robbery. The victim did everything to cooperate in the robbery and end
16  the incident safely. Yet, he was forced to the ground and shot three times. Certainly, the Board's
17  finding that the motive was trivial is supported by the evidence. 15 Cal. Code Regs.
18  § 2402(c)(1)(E).

19  The BPT further found that Petitioner's prior criminality included assaultive behavior,
20  and he failed to profit from society's previous attempts to correct his criminality. Petitioner's
21  prior offenses included convictions of batteries which occurred at a young age. 15 C.C.R. §§

---

[2] Pursuant to Title 15, of the California Code of Regulations, Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for parole when the prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
  (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
  (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
  (C) The victim was abused, defiled or mutilated during or after the offense.
  (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
  (E) The motive for the crime is inexplicable or very trivial in relation to the offense.

15 Cal.Code Regs. § 2402(c)(1)(A)-(E).

2402(b).  In addition, Petitioner received seventeen disciplinary reports during his incarceration.³ **(**Exhibit 4, at 63-64.)  Section 2402(b) allows the BPT to consider "past criminal history, including involvement in other criminal misconduct which is reliably documented."  However, section 2402(b) states that "[a]ll relevant, reliable information available to the panel shall be considered in determining suitability for parole."  Thus, it was not improper for the BPT to consider this evidence in its determination.

The BPT also found that Petitioner failed to develop marketable skills and upgrade vocationally.  (Exhibit 4, at 63; see 15 C.C.R. § 2402(d)(8).)  Moreover, it was noted that Petitioner has failed to participate in sufficient self-help programming.  Petitioner claims that due to his housing in the segregated housing unit, he is unable to pursue marketable skills and upgrade vocationally.  To this end, the Board stated, in order for Petitioner to get out of segregated housing he needs to reduce his classification score, which may require separating himself from the gang and may very well include debriefing.  (Exhibit 4, at 69-70.)  Thus, Petitioner's placement and retention in segregated housing is of his own doing.⁴

Pursuant to 15 Cal. Code Regs. § 2402(c)(5), the BPT also considered psychological factors in finding Petitioner unsuitable for parole.  Specifically, the BPT noted the psychiatric evaluation dated November 23, 2004, which did not support Petitioner's release.  It stated that Petitioner posed a high risk of violent behavior if released.  It also noted that Petitioner was intoxicated at the time of the crime and he needed to participate in programming for this problem.  (Exhibit 4, at 64.)

The BPT further found that Petitioner had inadequate parole plans and no offers of

---

³ The BPT may consider evidence that "prisoner engaged in serious misconduct in prison or jail" as tending to indicate unsuitability for parole.  15 C.C.R. § 2402(c)(6).

⁴ To the extent Petitioner is attempting to challenge the alleged unlawful detention in the segregated housing unit, such claim is not cognizable in § 2254.  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

1  employment.[5] (Exhibit 4, at 65.) Finally, the BPT considered the District Attorney's opposition to parole. This was properly considered pursuant to California Penal Code section 3042(a) and (f)(3), and 15 C.C.R. § 2402(b).

The BPT's finding is supported by "some evidence" and it cannot be said that the state court's resolution of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence before the state court."

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The instant petition for writ of habeas corpus be DENIED; and
2.  The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

///
///
///
///
///
///
///

---

[5] In his traverse Petitioner contends that the BPT failed to consider a letter from friends and family in support of his release. Petitioner is advised that this Court's review is limited to whether there is "some evidence" supporting the BPT's decision. Hill, 472 U.S. at 455-56. In any event, Petitioner fails to demonstrate how this evidence supported his parole plans, in light of the fact that he has failed to upgrade vocationally and develop marketable skills.

8

Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2007**               **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE